UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMY LEE GOODSON,

Petitioner,

vs. Case No. 14-20019

UNITED STATES OF AMERICA, HON. AVERN COHN

Respondent.

_________________________________/

**MEMORANDUM AND ORDER**
**GRANTING PETITION FOR WRIT OF HABEAS CORPUS**
**(Doc. 17)**

## I. Introduction

This is a habeas case under 28 U.S.C. § 2255. In 2013, Petitioner Tommy Everett Goodson plead guilty under a Rule 11 agreement to three counts of bank robbery. The Rule 11 agreement contained an appellate waiver provision. Petitioner was sentenced to 151 months, the low end of the guidelines in the Rule 11 agreement.

Before the Court is Petitioner's motion under 28 U.S.C. § 2255 claiming that trial counsel was ineffective because Petitioner directed trial counsel to file a notice of appeal on his behalf and trial counsel failed to do so. The Court held an evidentiary hearing on the claim and received supplemental papers. The motion is GRANTED. Petitioner may file a delayed notice of appeal.

## II. Background

Nearly a year after the judgment of conviction, Petitioner, proceeding pro se, filed

a § 2255 motion claiming ineffective assistance of counsel. (Doc. 17) Petitioner also submitted an affidavit in support of the claim.

The government filed a response (Doc. 21), contending that the Court must first resolve the factual issue of whether Petitioner directed trial counsel to file a notice of appeal. The government suggested that the Court order trial counsel to file an affidavit regarding Petitioner's claim.

Agreeing that the factual issue of whether Petitioner instructed trial counsel to file a notice of appeal must first be resolved, the Court appointed counsel for Petitioner under the CJA. (Doc. 22). Further, because Sixth Circuit precedent requires an evidentiary hearing to resolve the issue, not an affidavit, see Campbell v. United States, 686 F.3d 353 (6th Cir. 2012), the Court scheduled the matter. See Doc. 28. The Court first issued an Order Waiving the Attorney Client Privilege and Directing Trial Counsel to File an Affidavit (Doc. 25). The Court said:

> . . . trial counsel to file an affidavit regarding Petitioner's claim within ten (10) days of the date of this order. The attorney client privilege is waived only to the allegation of ineffective assistance of counsel raised in the petition. S ee In re Lott, 424 F.3d 446, 452-53 (6th Cir. 2005). The government and Petitioner's counsel may also interview trial counsel limited to the communications relating to Petitioner's request to file a notice of appeal.
>
> On October 26, 2015, trial counsel filed an affidavit stating:
>
> 1) I was Mr. Goodson's attorney in the above captioned matter from his detention hearing through his plea and sentencing.
> 2) I have no recollection of Mr. Goodson indicating that he wished to pursue an appeal of his sentence or requesting that I file a Notice of Appeal on his behalf.

(Doc. 26).

At sentencing, the government mentioned the appeal waiver, stating that "[b]ecause the defendant has been sentenced within the terms of the Rule 11

agreement, he has waived his right to appeal his sentence in this matter." (Doc. 29 at p. 9).

III. Legal Standard

A.

Title 28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States. . .or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

To prevail under § 2255, petitioner must show a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. United States, 386 U.S. 424, 428 (1962)).

In order to succeed on a claim of ineffective assistance of counsel, the petitioner must show (1) that his counsel's performance was constitutionally deficient in that the performance "fell below an objective standard of reasonableness under prevailing professional norms" and (2) that he was prejudiced by his counsel's errors. Magana v. Hofbauer, 263 F.3d 542, 547 (6th Cir. 2001) (citing Strickland v. Washington, 466 U.S. 668, 687-88 (1984)). In order to establish prejudice, a petitioner must demonstrate that "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

B.

Relevant to this case, the Court's role at the evidentiary hearing was "to determine whether [Petitioner] directed his attorney to file a notice of appeal on his

behalf. If the district court finds that [he] did so, his attorney's failure to file an appeal constituted ineffective assistance of counsel, and [Petitioner] is entitled to file a delayed appeal. If, on the other hand, the district court determines that [Petitioner] provided no such instruction, [he] is not entitled to any further relief." Campbell, 686 F.3d at 360 (6th Cir. 2012).

III. The Evidentiary Hearing

At the evidentiary hearing, Petitioner testified that he instructed counsel to file, on his behalf, a notice of appeal from the Court's judgment of conviction and sentence. According to Petitioner, he gave these instructions to counsel on two occasions: (1) in the lockup at the federal courthouse after his sentencing, and (2) during a phone call to his counsel that he made from Milan. According to Petitioner, counsel indicated that he would not file an appeal because Petitioner's Rule 11 Agreement contained an appellate waiver provision.

On cross-examination, the government sought to impeach Petitioner's testimony and presented what was purported to be the phone log from FCI Milan.[1] The phone log showed only two phone calls made by Petitioner during the relevant time period and neither of the calls was made to counsel.

Petitioner sought to counter the government's assertion by showing that he had been written up by BOP staff at FCI Milan for making calls, from his pin number, for

[1]The government says that the phone log presented at the evidentiary hearing was provided by Petitioner, who obtained it from Milan by subpoena and that it was separately obtained by the government. The Court accepts that the government was not aware that the phone log was incomplete until the evidentiary hearing when Petitioner's counsel introduced documents showing Petitioner had been written up for violating prison rules regarding the use of his pin.

other inmates. By offering the BOP write ups into evidence, Petitioner sought to establish that phone log, which showed he made only two phone calls, was inaccurate.

Petitioner's counsel testified consistent with his affidavit. That is, counsel testified that he had no recollection of the events in question.

Concluding that the phone log presented at the evidentiary hearing was not complete, the Court directed the parties to obtain a complete phone log of Petitioner's phone calls from Milan and invited them to file supplemental papers.

IV. Discussion

After the hearing, the government obtained another phone log of Petitioner's phone calls from Milan during the relevant time period. This phone log shows that Petitioner did call counsel's office on three occasions. The first two calls were one minute in duration. The third and final call was two minutes in duration.

The parties also filed supplemental papers, addressing in particular the import of the complete phone log. See Docs. 32, 35, 36. In its supplemental paper, the government essentially contends that although the phone log shows that Petitioner placed three calls to counsel, the short duration of the calls leads to the conclusion that it was not possible for Petitioner to have spoken with counsel and communicated his desire to appeal. The government also says that in light of the fact that Petitioner has prior write ups for allowing other inmates to use his pin, one cannot conclude that it was in fact Petitioner who placed the calls. The government also notes that in Petitioner's initial § 2255 motion and affidavit he simply said that he directed counsel to file a notice of appeal "within minutes of being sentenced, and the court being adjourned. The government says this statement infers that the request was made in the courtroom at

sentencing, not in a phone call or at lock up. Finally, the government notes that Petitioner testified he called counsel once, not three times, as reflected in the phone log. Thus, the government contends that Petitioner's testimony should not be credited.

In Petitioner's supplemental paper, he contends that there is sufficient evidence to support his claim. Petitioner testified that he twice told counsel to file an appeal, once at the courthouse in the lockup after sentencing, and again during a phone call from Milan to counsel's office. Petitioner also attached records from the Marshal's lock-up at the federal court show that counsel visited Petitioner both before and after the sentencing hearing on September 11, 2014. As such, Petitioner says this is documentary evidence to support Petitioner's testimony regarding the first instance in which he testified that he directed his counsel to file an appeal. As to the phone log, while Petitioner said he only called once, it is possible that during the first two calls, each of only one minute duration, Petitioner did not reach counsel. However, Petitioner says that it is logical to assume that he did speak with counsel during the final call. Thus, his testimony that he only called counsel once was not wholly inconsistent. Petitioner also says that because counsel has no recollection of these events, the Court should find Petitioner's testimony credible and supported.

The Court agrees with Petitioner. The record supports the conclusion that Petitioner instructed counsel to file an appeal. Although Petitioner's initial pro se petition and affidavit did not specifically describe when and where he directed counsel to file an appeal, that is not sufficient to discount Petitioner's testimony at the hearing when he was asked to describe in detail his instructions to counsel. Petitioner's testimony that he instructed counsel to file an appeal in the lock up is bolstered by records showing

counsel's presence at the lock up. Petitioner's testimony that he called counsel is supported by the phone log. While the calls were short in duration, it is possible that Petitioner spoke with counsel during one of the calls about filing an appeal. Petitioner's counsel had no independent recollection to credit or discredit Petitioner's contention. In light of the above, the Court finds that Petitioner did, in fact, instruct counsel to file an appeal. Counsel's failure to do so constitutes ineffective assistance of counsel. Under Campbell, Petitioner is entitled to file a delayed notice of appeal.[2]

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: April 11, 2016
Detroit, Michigan

[2]The Court is constrained to observe that the lateral movement reflected in the record could have been avoided by the government agreeing to allow Petitioner to appeal his conviction. The likelihood of an appeal surviving in light of the appellate waiver in the Rule 11 agreement is difficult at best.