UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                  Case Number 14-20019

v.                                                 Honorable David M. Lawson

TOMMY EVERETT GOODSON,

        Defendant.
_____/

## ORDER DENYING RENEWED MOTION FOR COMPASSIONATE RELEASE

Defendant Tommy Goodson has filed a second motion asking the Court to reduce his sentence to time served under the compassionate release provision of 18 U.S.C. 3582(c)(1)(A)(i), as amended by section 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. The Court denied Goodson's first compassionate release motion because it found that consideration of the factors in 18 U.S.C. § 3553(a) does not favor early release. Goodson's renewed motion does not upset that finding. Moreover, the Sixth Circuit has all but held since that the availability of the COVID vaccine undercuts a prisoner's attempt to show extraordinary and compelling reasons for a sentence reduction based on the pandemic. *See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Because Goodson still has not demonstrated that immediate release is appropriate, his renewed motion will be denied.

I.

Goodson pleaded guilty to three counts of bank robbery in violation of 18 U.S.C. § 2113(a). On September 11, 2014, the Honorable Avern Cohn sentenced the defendant to 151 months in prison, to be followed by three years of supervised release. Goodson surrendered to the custody of the Bureau of Prisons on September 11, 2014, and he presently is confined at FCI Gilmer, in West Virginia, which is a medium-security facility that houses around 1,400 inmates. Public

records of the BOP indicate that the defendant is scheduled to be released from prison on October 29, 2024. Goodson is 52 years old.

II.

The basic law that applies to COVID-related compassionate release motions has not changed much since Goodson's first compassionate release motion was denied. Generally, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Ibid.* "The request may come through a motion in federal court filed by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). Or it may come through a motion filed by the inmate after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier.'" *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

Upon a proper motion via either avenue, the Court may, "[a]fter 'considering the factors set forth in section 3553(a) . . . reduce the prisoner's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction' or if the '[prisoner] is at least 70 years of age,' has 'served at least 30 years,' and meets certain other conditions." *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i), (ii)). Goodson again relies on subparagraph (i) of the statute. Under that provision, the Court can order a reduction of a sentence, even to time served, by following a procedure that the court of appeals has distilled into three steps. *First*, consider whether "extraordinary and compelling reasons warrant such a reduction." *Second*, determine if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Third*, "consider[] the factors set forth in section 3553(a) to the extent that they are applicable."

*United States v. Ruffin*, 978 F.3d 1000, 1004-06 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Sentencing Commission's policy statement to be considered under step two is found in U.S.S.G. § 1B1.13, which simply recites the statute. The commentary adds gloss, which does not have the force of law. *United States v. Havis*, 927 F.3d 382, 386 (6th Cir.), *reconsideration denied,* 929 F.3d 317 (6th Cir. 2019) (*en banc*) (holding that the "commentary has no independent legal force — it serves only to *interpret* the Guidelines' text, not to replace or modify it"). That has led the court of appeals in its evolving guidance on the subject to hold that district courts should dispense with step two when the motion for compassionate release comes from a prisoner and not the BOP. *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) ("We now join the majority of district courts and the Second Circuit in holding that the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release.") (citing *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020)).

More recently, the court of appeals took the explanation a step further. In *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021), the court ascribed Congress's amendment of section 3582(c)(1) to the BOP's "rare[]" exercise of its power to move for sentence reductions, that "the program was plagued by mismanagement," and that "the BOP 'ha[d] no timeliness standards for reviewing . . . requests.'" 984 F.3d at 518 (quoting *United States v. Brooker*, 976 F.3d 228, 231-32 (2d Cir. 2020)). It reaffirmed *Jones*'s holding "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Id.* at 519-20. It then held that "in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Ibid.* However,

the defendant still must satisfy the other two requirements, and his "failure to meet any one of those criteria" will result in the denial of his motion. *United States v. Tomes*, 990 F.3d 500, 502 (6th Cir. 2021).

A.

Addressing the first element — extraordinary and compelling reasons — Goodson again argues that his age and medical conditions expose him to an elevated risk of complications from the highly-contagious novel coronavirus. The Court previously found that Goodson's obesity and Type-II diabetes were extraordinary medical risk factors. The Sixth Circuit recently held, however, that "a defendant's incarceration during the COVID-19 pandemic — when the defendant has access to the COVID-19 vaccine — does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *Lemons*, 15 F.4th at 751 (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). That Goodson has already received at least two doses of the Pfizer vaccine now undermines a finding that extraordinary and compelling reasons exist for his early release.

B.

Early release also is not justified because the relevant section 3553(a) factors continue to weigh heavily against discharging Goodson into the community. The Court denied Goodson's first compassionate release because it found that the section 3553(a) weighed heavily against a sentence reduction. Goodson's renewed motion largely repeats the same arguments he made in his first motion. He therefore has failed to provide sufficient evidence to change the Court's assessment that the section 3553(a) factors foreclose sentencing relief in this case.

- 5 -

III.

Goodson again has not demonstrated that compassionate release under 18 U.S.C. 3582(c)(1)(A)(i) is justified.

Accordingly, it is **ORDERED** that the defendant's renewed motion for compassionate release (ECF No. 66) is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:  February 4, 2022